PER CURIAM.
This matter is before the Court on Respondent’s Petition for Leave to Permanently Resign Pending Disciplinary Proceedings pursuant to Florida Bar Integration Rule, article XI, Rule 11.08.
The Petition states:
1. That [Respondent] is thirty-six (36) years old and has been a member of The Florida Bar since during or about December 1974, and therefore, is subject to the jurisdiction and disciplinary Rules of this Honorable Court.
2. That at all times incident to The Florida Bar’s investigation and processing of the matters referenced herein, [Respondent] has been fully advised of *586 his right to confront his accusers, his right against self-incrimination, his right to call witnesses in his own behalf, his right to present evidence in mitigation and defense, his right to attend Grievance Committee hearings before and, if deemed necessary and appropriate, his right to attend hearings before a duly appointed Referee, and his rights under the Florida Constitution and the Constitution of the United States of America, and hereby voluntarily acknowledges his waiver of these rights.
3. That on or about September 13, 1985, The Florida Bar filed its Petition for Temporary Suspension against your [Respondent] herein, said Petition supported by fifteen (15) viable Grievance Complaints filed by either members of the public or [Respondent’s] clients....
4. That on or about October 1, 1985, this Honorable Court entered an Order temporarily suspending your [Respondent] herein from engaging in the practice of law....
5. That subsequent to the filing of The Florida Bar’s Petition for Temporary Suspension, sixteen (16) additional grievance complaints were filed with the Miami Branch office of The Florida Bar....
6. That in consideration of possible criminal proceedings and in recognition of his constitutional right to remain free from compelled self-incrimination, [Respondent] neither admits nor denies the veracity or accuracy of the allegations contained in the foregoing complaints, be they incorporated in or separate and apart from those matters pertaining to The Florida Bar’s Petition for Temporary Suspension.
7. That to the extent that it does not conflict with his constitutional right to remain free from compelled self-incrimination, [Respondent] agrees to cooperate with any Clients’ Security Fund investigation conducted by The Florida Bar.
8. That the foregoing compilation of pending grievance complaints involves allegations constituting multiple violations of the Integration Rule and Disciplinary Rules, to wit: article XI, Rule 11.02(3) [moral conduct/standards]; article XI, Rule 11.02(4) in toto [specific purpose doctrine relating to trust funds] and [failure to comply with all relevant trust accounting procedures]; Disciplinary Rule 1-102(A)(1) [violated Disciplinary Rule, (3) [engaging illegal conduct involving moral turpitude], (4) [engaging in conduct involving dishonesty, fraud, deceit or misrepresentation], (5) [engaging in conduct that is prejudicial to the administration of justice], and (6) [engaging in any other conduct that adversely reflects an attorney’s fitness to practice law]; Disciplinary Rule 2-106[(A)] [entering into an agreement for, charging, and/or collecting an illegal or clearly excessive fee]; Disciplinary Rule 6-101(A) [handling a legal matter without preparation adequate in the circumstances], (3) [neglect of a legal matter]; Disciplinary Rule 7-101(A)(l) [failing to seek the lawful objectives of a client through all reasonably available means permitted by the law and by the disciplinary rules], (2) [failing to carry out a contract of employment entered into with a client for professional services], and (3) [prejudicing or damaging his client during the course of the professional relationship]; and Disciplinary [Rule] 9-102, in its entirety, as it pertains to preserving the identity of funds and property of a client.
9. That your [Respondent] hereby acknowledges that there is no legitimate basis to maintain confidentiality in this matter and hereby acknowledges his waiver of same.
10. That although your [Respondent] avers that he does not presently exercise dominion and control over any clients’ trust funds, should he in the future, be seized of same, he will initiate any and all required actions to ensure that all such funds (to include earned fees for past representation), will be placed in a [segregated], restricted trust account. No such funds shall be removed from said account without the express authorization of either this Honorable Court and/or The Florida Bar.
*587 11. That with reference to any funds constituting earned fees for past representation, [Respondent] recognizes, without admitting guilt or innocence, that there are numerous pending claims by clients for funds due and owing as a result of alleged trust defalcations. [Respondent] hereby subrogates any and all rights and interest to The Florida Bar in all such funds, deposited to or properly the subject of deposit to the special restricted trust account referenced directly above.
12. This Petition is submitted without leave to apply for readmission to The Florida Bar permanently, and if approved by this Honorable Court, [Respondent] hereby acknowledges his understanding that this Petition shall not be the subject of future modification or revocation.
[13.] That the granting of the instant Petition will cause no further harm to either the public or to the administration of justice, nor will it inure the sanctity of the Court.
The Florida Bar having now filed its response supporting the Petition for Leave to Resign on the conditions set forth above, and the Court having reviewed the same and determined that the requirements of Florida Bar Integration Rule, article XI, Rule 11.08(3) are fully satisfied, the Petition for Leave to Resign Permanently Without Leave to Reapply is hereby approved. Mark R. Baer’s name is hereby stricken from the roll of attorneys in the State of Florida effective this date.
Judgment for costs in the amount of $3,458.91 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
ADKINS, Acting C.J., and OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.